946 F.2d 127
 292 U.S.App.D.C. 37
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America
v.
Albert J. MacFADDEN, Appellant.
 No. 91-3023.
 United States Court of Appeals, District of Columbia Circuit.
 Oct. 24, 1991.
 
 1
 Before HARRY T. EDWARDS and SILBERMAN, Circuit Judges, and VAN GRAAFEILAND,* Senior Circuit Judge, United States Court of Appeals for the Second Circuit.
 
 JUDGMENT
 PER CURIAM
 
 2
 This cause came on to be heard on the record on appeal from the United States District Court for the District of Columbia, and was briefed and argued by counsel. While the issues presented occasion no need for an opinion, they have been accorded full consideration by the Court. See D.C.Cir.R. 14(c) (August 1, 1987). It is
 
 
 3
 ORDERED and ADJUDGED, by this Court, that the judgment of the District Court appealed from in this case is hereby affirmed. The trial court's entrapment instruction, while perhaps not letter perfect, accurately stated the law of entrapment in this Circuit. See United States v. Whoie, 925 F.2d 1481, 1483 (D.C.Cir.1991). Given defense counsel's failure to object in any way to the instruction, we cannot say that any ambiguity it might have contained constituted plain error. See id. at 1482. The insertion of the word "not" into the final paragraph of the instruction would not have materially altered the meaning of the instruction in the mind of the reasonable juror, nor did it in any way shift the burden of proof on the entrapment defense. The jury was instructed that if they had a reasonable doubt about whether or not MacFadden was predisposed to commit the offense, they were to acquit him. We do note, however, that the instruction given was not completely in accord with the Red Book instruction, nor did it explicitly inform the jury that the government bore the burden of proof on the predisposition issue. As we have said before, the district court would be well-advised to adhere closely to the Red Book instruction, as modified by Whoie, see id. at 1486, in order to avoid unnecessary appeals in future cases. It is
 
 
 4
 FURTHER ORDERED, by this Court, sua sponte, that the Clerk shall withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2) (August 1, 1987). This instruction to the Clerk is without prejudice to the right of any party at any time to move for expedited issuance of the mandate for good cause shown.
 
 
 
 *
 Sitting by designation pursuant to Title 28 U.S.C. § 294(d)